## CALUMET & HECLA MINING CO. v. EQUITABLE TRUST CO

(District Court, S. D. New York. November 24, 1919.)

1. **Money received** ⬅⟞16—**Persons through whom money was received are not necessary parties.**

   In an action against defendant to recover moneys which defendant had received and which it ought to repay to plaintiff, it is not necessary to join as defendants those persons through whose operations the money was received by defendant.

⬅⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Pleading 8(2)—Allegation persons acted as agent for defendants is mere conclusion.**

An allegation in a complaint that persons acted in the transaction as agents for defendant, without any averment of the facts showing defendant had authorized them to act as such, is a legal conclusion, and is insufficient to charge defendant with liability for the fraudulent representations of such agent.

**3. Shipping 32—Mortgagee not liable for contracts of mortgagor.**

A mortgagee of a ship is not liable for the contracts of the mortgagor who was operating the ship, even though the ship had been registered in the name of the mortgagee, and the money received from the contract had been paid to it in accordance with the terms of the mortgage.

**4. Shipping 32—Complaint held not to allege notice to mortgagee of false representations by which money was secured from plaintiff.**

A complaint for money received by a mortgagee of a ship, the proceeds of a contract obtained from plaintiff by false representations of those operating the ship *held* insufficient to allege notice to the trustee who held title for the mortgagee, or to the mortgagee, of the false representations, so that the mortgagee was not liable for the return of the money.

Action by the Calumet & Hecla Mining Company against the Equitable Trust Company for money had and received. On demurrer to the complaint for failure to state a cause of action and for defect of parties defendant. Demurrer sustained on first ground, and overruled as to second ground.

This is an action to recover money had and received for plaintiff's use. The complaint alleges that Stafford purchased the steamer H. M. Whitney, and that the defendant loaned $225,000, being part of the purchase price, that in order to secure repayment Stafford transferred the legal title of the steamer to a third party (the treasurer of the defendant), and that he thereafter held the legal title to said steamer for the defendant to secure the repayment of the $225.000. The complaint further alleges that Robert E. Miller and Stafford, either in person or doing business under the name of Acme Steamship Company, with the knowledge and consent of the defendant, operated said steamer, and that a corporation known as the Acme Operating Corporation, with the knowledge and consent of the defendant, acted as agent for said Miller and Stafford, individually or doing business as Acme Steamship Company, in entering into affreightment contracts and issuing bills of lading for the carriage of freight by said steamer; that it was understood and agreed between Miller and Stafford and the defendant that until the $225,000 had been repaid to the defendant in full the moneys earned in the operation of the steamship and received by Miller and Stafford individually, or doing business as Acme Steamship Company, or Acme Operating Corporation, should be paid by them to the defendant, to be applied by it in the payment of the indebtedness of $225,000. The complaint further alleges that Miller and Stafford, doing business under the trade-name of Acme Steamship Company and Acme Operating Corporation, as agents for Miller and Stafford, individually, or doing business as Acme Steamship Company, and the defendant falsely and fraudulently represented to plaintiff that the steamship was to enter on a voyage to Genoa and would carry freight, and requested plaintiff to pay freight payable in advance; that plaintiff believed the representations to be true, and, relying on the same, delivered to Stafford and Miller, doing business as Acme Steamship Company and Acme Operating Corporation, its check for $19,503.35 for freight of copper to be shipped on the steamship, which said agents well knew the United States government had refused permission to sail; that the copper was delivered to the ship and the check was indorsed payable to the defendant and received by it; that the copper was not

---

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shipped on the steamer; that the plaintiff has elected to rescind the contract and seeks to recover the $19,503.35 from the defendant.

The defendant demurs to the complaint:

(1) Because it states no cause of action.

(2) Because of a defect of parties defendant in that the presence of Miller and Stafford, individually, and doing business as Acme Steamship Company and Acme Operating Corporation, is necessary for a complete determination of the action.

In this action for money had and received the complaint alleged that A. and B., as agents for the defendant, falsely represented to plaintiff that a certain steamship was to make a voyage to Genoa and would carry freight, and requested plaintiff to pay freight in advance; that plaintiff believed the representations to be true, and, relying on the same, delivered to A and B. its check in payment for the freight of copper to be shipped on the steamship, which said agents well knew the United States government had refused permission to sail; that the copper was delivered to the ship and that the check was indorsed payable to the defendant and received by it; that the copper was not shipped on the steamer; that the plaintiff had elected to rescind the contract and seeks to recover the amount of the check from the defendant. Defendant demurred to the complaint on the ground that it stated no cause of action. Held that the demurrer should be sustained because there was no proper allegation of agency. There was in the complaint, in addition to the allegations above recited, an allegation that A. and B. operated the steamer as agents, but this was not equivalent to an allegation that they had been appointed as agents to operate the ship, but was only a legal conclusion. Moreover, there was no allegation that the defendant had knowledge or was put on notice respecting the equities and claims which the plaintiff might have in the money by reason of any false representations, and, though there were additional allegations that defendant was a mortgagee of the ship, this would not render it liable for affreightment or other contracts made by the mortgagor or his agent, who was really in possession.

Murray, Prentice & Howland, of New York City (Winthrop W. Aldrich and Franklin P. Ferguson, both of New York City, of counsel), for demurrant.

Bullowa & Bullowa, of New York City (Lawrence E. Brown, of New York City, of counsel), for plaintiff.

AUGUSTUS N. HAND, District Judge (after stating the facts as above). [1] I agree with the plaintiff that there is no defect of parties defendant. If the defendant received moneys which it ought to repay in an action of indebitatus assumpsit, I can see no reason why other persons by means of whose operation these moneys reached the defendants should be made parties in an action at law.

[2] In regard to the first ground of demurrer, the complaint, if it can stand, must do so because of a proper allegation of agency. I find no allegation that the defendant received the money from the plaintiff, but, on the contrary, it apparently received it from Miller and Stafford in a check which was indorsed and paid to the defendant. There is no allegation that the defendant had knowledge or was put upon notice respecting the equities or claims which the plaintiff might have in the money by reason of any false representations. The false representations were not alleged to have been made by the defendant, but by Miller and Stafford. Now, if they were agents for the defendant and acted for it in making the representations, an equity would apparently arise which would entitle the plaintiff upon the alle-

gations in the complaint to recover; but no allegation can be found which sets forth the appointment of these men as agents to operate the ship. A mere allegation that they did operate her as agents is nothing but a conclusion of law, which nowhere discloses the basis upon which the agency is founded, unless it be thought to be founded upon the mere fact that the defendant was a mortgagee to secure the repayment of $225,000.

[3] The fact that the defendant was a mortgagee would not render it liable for affreightment or other contracts made by the mortgagor, or his agent, who was really in possession (Jackson v. Vernon, 1 Henry Blackstone, 114; Myers v. Willis, 17 C. B. 77; Law Guaranty & Trust Company Soc. v. Russian Bank for Foreign Trade, 1905, 1 K. B. 815; Morgan's Assignees v. Shinn, 15 Wall. 105, 21 L. Ed. 87; Davidson v. Baldwin, 79 Fed. 95, 24 C. C. A. 453; Thorn v. Hicks, 7 Cow. [N. Y.] 697), and this is true under the doctrine laid down by the foregoing authorities, even though the steamship is registered in the name of the mortgagee.

[4] It is to be noticed that there are two Millers named in the complaint, one Arthur A. Miller, the treasurer of the defendant, who took title to the vessel to secure repayment of the loan. It is not alleged that he made any false representations, or had anything to do with the management of the ship. He apparently merely held the legal title as trustee for the defendant to secure its loan. The complaint alleges that:

"Robert E. Miller and Bartholomew L. Stafford, doing business under the trade-name and style of Acme Steamship Company, * * * and the Acme Operating Corporation, as agents for said Robert E. Miller and Bartholomew L. Stafford, individually or doing business as Acme Steamship Company, and the defendant, falsely and fraudulently stated and represented to plaintiff that the steamship * * * was shortly thereafter to enter upon a voyage to Genoa. * * *"

I think it clear, therefore, that the complaint cannot stand upon any theory that it discloses notice to the defendant through its treasurer, Arthur A. Miller, of any of the transactions complained of.

For the foregoing reasons, the demurrer is sustained on the ground that the complaint states no cause of action. The demurrer based upon a defect of parties is overruled.